IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BENJAMIN WALKER,

                                               ORDER

                 Petitioner,

                                     11-cv-618-bbc

       v.

WILLIAM POLLARD,

                 Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On November 8, 2011, I dismissed Benjamin Walker's petition for a writ of habeas corpus under 28 U.S.C. § 2254 without prejudice for petitioner's failure to exhaust his state court remedies. Also, in the November 8 order I denied petitioner's request for a certificate of appealability. On December 20, 2011, I denied petitioner's motion for reconsideration. Now before the court is petitioner's notice of appeal.

Because petitioner has not paid the $455 filing fee for his appeal, I construe his notice as a request to proceed in forma pauperis on appeal. In addition to finding that petitioner is indigent, this court must find that petitioner is taking his appeal in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d

1

626, 631-32 (7th Cir. 2000).  I cannot certify that petitioner's appeal is taken in good faith. I denied his petition without prejudice, meaning that petitioner could submit a new petition after he had fully exhausted his state court remedies.  Given that petitioner has not suffered any prejudice as a result of my order, no reasonable person could suppose there is any merit to petitioner's taking an appeal.

Because I am certifying petitioner's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so.  Under Fed. R. App. P. 24, petitioner has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal.  With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal.  Also, he must send along a copy of this order. Petitioner should be aware that he must file these documents in addition to the notice of appeal he has filed previously.

If petitioner does not file a motion requesting review of this order, the court of appeals might not address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require petitioner to pay the entire $455 filing fee before it considers his appeal.  If petitioner does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

2

ORDER

IT IS ORDERED that petitioner Benjamin Walker's request for leave to proceed <u>in forma pauperis</u> on appeal is DENIED because I am certifying that his appeal is not taken in good faith.  If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

Further, IT IS ORDERED that the clerk of court insure that petitioner's obligation to pay the $455 filing fee for the appeal is reflected in this court's financial records.

Entered this 25th day of January, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3